MOSES QUIMBY vs. JOHN D. BUZZELL.

If the attesting witness to a promissory note be called, and does not prove the handwriting of the name to be his, it is competent to prove it by the testimony of other witnesses.

The *stat.* of 1838, *c.* 343, in addition to the limitation act of 1821, extending to an indorsee the same right to sustain an action upon a negotiable note, attested by a witness or witnesses, after six years from the time the cause of action accrued, which is given to the original promisee by the tenth section of the *stat.* 1821, *c.* 62, applies to an action on a witnessed note held by an indorsee at the time the act of 1838 was passed.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Assumpsit as indorsee of a note of which a copy follows. " Cape Elizabeth, June 6, 1831. For value received, I promise to pay Jonathan Morgan, or order, twenty dollars and sixty-five cents, payable in nine months with interest. *Charles R. Gammon.* Attest, *John Emery.* *John D. Buzzell,* (Surety.")

The writ was dated and served May 7, 1838. Gammon died before the suit was commenced. With the general issue the statute of limitations was pleaded by brief statement. The subscribing witness was called by the plaintiff, and testified, that he did not recollect that he ever saw the note signed by the defendant, and that he could not testify, that he signed the note as a witness, but the signature looked like his, with the exception of the three last letters. The plaintiff then offered to prove by other testimony, that the signature of the witness was the handwriting of John Emery. This testimony was objected to by the defendant, but admitted. The defendant contended, that as between indorsee and maker, the note was barred by the statute of limitations, and was the same in law as if not witnessed; and that the plaintiff could not show the execution of the note by any one but the subscribing witness. The Judge ruled, that the testimony was admissible, and that the action could be sustained, though brought in the name of an indorsee, as the *stat.* of *March 23,* 1838, merely removes a bar to the plaintiff's right to recover, and gives indorsees the same remedies that former statutes gave payees or promisees of witnessed notes. On the part of the defendant, it was contended, that the

statute of 1838 was not passed until subsequent to the expiration of six years from the date of the note, and that this statute could not revive claims that by law had become extinct. The Judge ruled, that the statute of 1838 removed the bar which had been created by statute as respects indorsees. The verdict was for the plaintiff, and the defendant excepted.

The case was argued in writing, by *F. O. J. Smith,* for the defendant, and by *Morgan,* for the plaintiff.

*For the defendant,* it was contended : —

1. The Judge ruled erroneously that the plaintiff's suit was not barred by the statute of limitations of 1821, *c.* 62, *sec.* 7 and 10.

The suit was not brought within six years next succeeding its maturity, and is not brought in the name of the original promisee. The fact that the note was witnessed, if established by proper testimony, can afford no aid to the plaintiff in view of the statute of 1821. It is on the footing of one not witnessed. *Frye* v. *Barker,* 4 *Pick.* 384.

But it is maintained on the other side, that by the act of 1838, *c.* 343, the exception of the act of 1821 in favor of original promisees on notes witnessed, has been extended to indorsees on all such notes — on those made prior to the passage of the act of 1838, as well as those of a subsequent origin — thus placing the indorsee, now plaintiff, in regard to the note now in question, upon the same footing, and vesting him with all the rights of recovery upon it, that the original promisee ever had. That such will be its effect, because such are its provisions, upon all notes originating since its enactment, is not questioned. But to apply the provisions of that act — no matter what its language may be — to any note which originated anterior to the existence of that law, and which had also been indorsed anterior to the existence of that law, and which, moreover, had expired and become a *nudum pactum* in the hands of the plaintiff, the indorsee, by the force and limitation of the law under which and in reference to which it had been made, anterior to the existence of the law of 1838, would be to stretch both legislative and judicial power beyond the mere resurrection of defunct rights and expired obligations of parties, to the absolute, out and out, creation of new rights and new obligations between the parties, securing to the one party the former, and subjecting

the other party to the latter. The act of 1838, is not, as the plaintiff's counsel contends, a modification of the plaintiff's remedy. It is, so far as it can affect them, a modification of both the plaintiff's and defendant's rights, and its effect is to create a legal liability where none had continued to exist, between parties who had ceased to stand in the relation of creditor and debtor. In the course of his argument, which is much too extended for publication, he cited *Ashley, appellant,* 4 *Pick.* 21 ; *Blanchard* v. *Russell,* 13 *Mass. R.* 1 ; *Kimberly* v. *Ely,* 6 *Pick.* 451 ; *King* v. *Dedham Bank,* 15 *Mass. R.* 454; *Call* v. *Hagger,* 8 *Mass. R.* 429 ; *Foster* v. *Essex Bank,* 16 *Mass. R.* 271 ; *Springfield Bank* v. *Merrick,* 14 *Mass. R.* 325 ; *Hampshire* v. *Franklin,* 16 *Mass. R.* 84; *Medford* v. *Learned,* 16 *Mass. R.* 217 ; *Sturgis* v. *Crowninshield,* 4 *Wheat.* 122.

2. He argued, that it was not competent for the plaintiff to prove the signature of the supposed witness to the note by any other testimony than that of the witness himself, he being present at the trial. He cited *Smith* v. *Dunham,* 8 *Pick.* 246.

*Morgan,* for the plaintiff, argued : —

1. The statute of 1838 has taken away no vested right; but merely enlarged the remedy, by extending the same remedy to the indorsee which the indorser previously had by the statute of 1821. By that statute, the payee could have recovered the note, and it could make no difference with the defendant by whom the recovery was had.

2. The statute of 1838 compared with that of 1821, is analogous to the *stat.* 1835, *c.* 195, with that of 1822, *c.* 209. These statutes do not alter the contract, but only modify the remedy, and therefore do not come within the provision of the constitution prohibiting the legislature from passing laws impairing the obligation of contracts.

3. The common law has no limitation. 3 *Bac. Ab.* 500, *Limitation (A.)* Statutes of limitation are therefore only modifications of the common law as to the mode or time of recovery, and do not interfere with the contract itself. All such laws are constitutional. The statute of 1838 merely removes the prohibition against bringing the suit on a witnessed note, after six years, in the name of the indorsee, and places him in the same situation as the payee of the note.

4. The jury might have found as they did, upon the testimony of the subscribing witness alone, and the additional evidence could not impair the verdict. But the law only requires that the subscribing witness should be called, but does not exclude other testimony to prove the case. The witnesses may as well testify to the handwriting of the subscribing witness, as to any other fact.

The opinion of the Court was by

EMERY J. — The note in this case, bears date the 6th day of *June*, 1831, given by the defendant and one *Charles D. Gammon*, since deceased, to *Jonathan Morgan*, or order, by him indorsed to the plaintiff, payable in nine months, with interest. The writ is dated the 7th of *May*, 1838.

The note purports to be witnessed by a man who on being introduced as a witness, testified, that he did not recollect that he ever saw the note signed by the defendant, and that he could not testify, that he signed said note as a witness, but the signature looked like his, with the exception of the three last letters. The witness could not say that the signature was or was not his handwriting. Other evidence was rightfully introduced, because the matter to be established was, whether it was a note attested by one witness within the meaning of the statute. The want of recollection of the witness was not sufficient to prevent the legal effect of other testimony going to establish that point. In *Alexander* v. *Gibson*, 2 *Campb.* 555, where a witness for the plaintiff having disproved a fact, which he was called to prove, the plaintiff was permitted to call other witnesses to prove the fact. *Richardson* v. *Allen*, 2 *Stark.* 296, and note on 297th page.

In this case under consideration, the defendant was a surety. But as to the holder of the note, the law recognizes no difference in regard to liability between the principal and surety. The contract is to be regarded as a note properly witnessed. And to be within the exception of the statute exempting such a note from the general statute of limitation in the seventh section.

The limitation for the commencement of an action is a very different thing from a statutory provision, that a contract of a certain description, or evidenced in a certain manner shall be void ; as in regard to the recovery of penalties. No objection is presented to the

justness of this contract in the form of a negotiable note. · The moral obligation to pay remained on the promiser. And any new promise which he should have made, had the note not been witnessed, to discharge it, would have bound him, without any new consideration.

In general, statutes of limitation are to be deemed entirely prospective. Such words however, may be used as in a certain sense to give a law of this character a retrospective operation. Where the intention of the statute is understood, if expressed with sufficient clearness and distinctness to enable the Court to collect it from any part of the act, the Court is not at liberty to *exclude words*, but to construe the whole, with reference always to that which appears to be plainly and manifestly its object. *Bloxam* v. *Elsee*, 6 *B. & C*. 174. And a remedial statute is to be so construed, as most *effectually to meet the beneficial end in view, and to prevent a failure of the remedy*. *Dwarris on Stat*. 718.

It is manifestly one of the objects of the statute of *March* 23, 1838, *c*. 343, to allow the same remedy for an indorsee of negotiable paper, that was secured to the original promisee, his executor or administrator, if attested by one or more witnesses, as set forth in the 10th section of *stat. c*. 62. It was only carrying out the original view of the promiser to pay the original promisee or his order. Whether the *stat. c*. 343 does not go much further, it is not necessary now to determine. But it does say, that " the act to which it is additional, shall not extend to bar any action hereafter brought upon any note, or contract in writing, made and signed by any person or persons, and attested by one witness or more, whereby such person or person *has* promised, or shall promise to pay any other person or person, his or their order, or bearer, any sum of money, whether such action be brought in the name of the original promisee or promisees, his or their executors, administrators, or the indorsee or indorsees, assignee or assignees of such promisee or promisees, his or their executors or administrators, any law or usage to the contrary notwithstanding."

This statute has then only removed the bar to the indorsee's pursuing a remedy in his own name, which, on such a note as the present, attested as the jury have found by one witness, might have been pursued in the name of the original promisee, had this statute not been passed. The exceptions therefore must be overruled.